| | |
|---|---|
| DISTRICT COURT,<br>DENVER COUNTY, COLORADO<br>1427 Bannock Street<br>Denver, Colorado 80202<br><br>**PLAINTIFF:** NICHOLAS RANDALL, on behalf of himself and all similarly situated persons,<br><br>**v.**<br><br>**DEFENDANTS:** CAMRON LENTE, FRANK CLARK, LUKE WOOTEN and NEXT GENERATION CONSTRUCTION & ENVIRONMENTAL, LLC | DATE FILED: March 20, 2018 2:29 PM<br>FILING ID: 9455E244E3707<br>CASE NUMBER: 2018CV30986<br><br><br><br>Δ   COURT USE ONLY   Δ |
| Attorneys for Plaintiff:<br>Brian D. Gonzales, Atty. Reg. # 29775<br>THE LAW OFFICES OF BRIAN D. GONZALES, PLLC<br>2580 East Harmony Road, Suite 201<br>Fort Collins, Colorado  80528<br>Telephone: (970) 214-0562<br>BGonzales@ColoradoWageLaw.com<br><br>J. Forester<br>FORESTER HAYNIE PLLC<br>1701 N. Market Street, Suite 210<br>Dallas, Texas 75202<br>Telephone: (214) 288-8519<br>Facsimile: (214) 346-5909<br>jay@foresterhaynie.com | Case Number:<br><br><br><br><br><br>Ctrm/Div: |
| **CLASS AND COLLECTIVE ACTION COMPLAINT** | |

Plaintiff Nicholas Randall, by and through undersigned counsel, individually and on behalf of all others similarly situated, files this Class and Collective Action Complaint against Defendants Camron Lente, Frank Clark, Luke Wooten and Next Generation Construction & Environmental, LLC (collectively, "Next Generation").

## STATEMENT OF THE CASE

1. The federal Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, (the "FLSA"), the

Colorado Wage Claim Act, §8-4-101, *et seq.* (the "Wage Claim Act"), and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Act") contain various rules regarding employee wages and working hours. Next Generation violated these laws by failing to compensate employees for all of their time worked. This class and collective action seeks to recover damages and backpay to compensate all current and former employees of Next Generation for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, a former employee of Next Generation, is an individual and resident of the State of Colorado. His consent to proceed as a plaintiff in this matter is attached as an exhibit.

3. Defendant Next Generation Construction & Environmental, LLC is a limited liability company organized under the laws of the State of Colorado with its corporate office located at 14313 Mead Street, Longmont, Colorado 80504. At all times relevant to this action, Defendant has been located in and has conducted business in the State of Colorado.

4. Defendant Camron Lente ("Lente") is Next Generation's founder and has served as its "President" during the period covered by this lawsuit. See generally, http://ng-construction.com/Leadership. In this capacity, Lente has controlled the day-to-day operations of Next Generation. Specifically, during this time period, Lente (1) had the power to hire and fire Plaintiff and the Class Members; (2) controlled the amount Plaintiff and the Class Members were to be paid for each hour of work; and (3) regularly controlled and established company rules for Plaintiff and the Class Members.

5. Defendant Frank Clark ("Clark") has been Next Generation's "CFO" during the period covered by this lawsuit. In this capacity and like Lente, Clark has controlled the day-to-day operations of Next Generation. Specifically, during this time period, Clark has also (1) had the power to hire and fire Plaintiff and the Class Members; (2) controlled the amount Plaintiff and the Class Members were to be paid for each hour of work; and (3) regularly controlled and established company rules for Plaintiff and the Class Members.

6. Defendant Luke Wooten ("Wooton") has been Next Generation's "COO" during the period covered by this lawsuit. In this capacity and like Lente and Clark, during the time period covered by this lawsuit, Wooton has (1) had the power to discipline, hire and fire Plaintiff and/or the Class Members; (2) controlled the method and rate of pay that Plaintiff and/or the Class Members received; and (3) regularly oversaw and enforced company rules for Plaintiff and/or the Class Members.

7. Venue in this Court is proper pursuant to C.R.C.P. 98 because, on information and belief, Next Generation may be found in this County.

8. This Court has jurisdiction over the parties and subject matter of this action pursuant to C.R.S. §13-1-124.

## FACTUAL BACKGROUND

9. Next Generation is an oilfield service company providing various services in Colorado. Plaintiff worked for Next Generation at locations primarily in Weld County, Colorado.

10. Although Plaintiff was required to work more than twelve (12) hours per day and/or forty (40) hours per workweek, and did so frequently, Plaintiff was not compensated at the mandated time and one-half rate for all of his overtime hours. Moreover, Plaintiff was not paid "straight time" for all of his hours worked. Plaintiff's "off the clock" work resulted from Next Generation's failure to properly track and administer all time worked, including meal and rest breaks and time in preparation and traveling before and after arriving at and leaving worksites.

11. On information and belief, none of Next Generation's non-exempt employees were paid properly for their time worked.

## CLASS ACTION ALLEGATIONS

12. Plaintiff brings this action as a C.R.C.P. 23 class action, on behalf of himself and on behalf of a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the class as follows:

> **All current or former non-exempt Colorado Next Generation field employees who were not compensated properly for all of their straight time and overtime hours worked. Excluded from this class action are the claims asserted against Defendant Next Generation Construction & Environmental, LLC in the certified class action pending in *Lopez v. Next Generation Construction & Environmental, LLC*, Case No. 1:16-cv-00076-CMA-KLM (D.Colo. 2016).**

13. This action is properly brought as a class action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable. On information and belief, there are more than 200 members in the proposed class.

   b. Numerous questions of law and fact regarding the liability of Next Generation are common to the Class and predominate over any individual issues which may exist.

   c. Although the exact amount of damages may vary among Class

        Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Next Generation that caused harm to all Class Members.

    d.    The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Next Generation's records. Plaintiff was subjected to the same rules and policies as all other Colorado oil field workers that form the basis of the alleged violation. Next Generation applied its policy to him just as it did with all Class Members.

    e.    Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Plaintiff is committed to this action and has no conflict with the class members. Furthermore, Plaintiff is represented by experienced class action counsel.

    f.    Questions of fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

14.    For the foregoing reasons, Plaintiff also seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are similar to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar pay provisions in that they were all classified by Next Generation as "non-exempt" and overtime eligible, and were subjected to Next Generation's common practice, policy or plan regarding employee wages and hours.

**FIRST CLAIM FOR RELIEF**
**(Violation of the Colorado Wage Claim Act, §8-4-101, *et seq*.)**

15.    Plaintiff incorporates by reference all of the above paragraphs.

16.    At all material times, each Defendant has been an "employer" or "joint employer" within the meaning of the Colorado Wage Claim Act, §8-4-101, *et seq*.

17.    At all material times, each Defendant has employed "employees," including Plaintiff and Class Members, within the meaning of the Colorado Wage Claim Act, §8-4-101, *et*

*seq*.

18. Next Generation was Plaintiff's "employer" within the meaning of the Colorado Wage Claim Act, §8-4-101, *et seq.*

19. As a result of the foregoing conduct, as alleged, Next Generation has failed to pay wages due under the FLSA and Colorado state law thereby violating, and continuing to violate, the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

20. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on behalf of himself and all Class Members in an amount equal to all unpaid compensation owed. This demand for payment is continuing and is made on behalf of any current Next Generation employees whose employment terminates at any time in the future. Such payment should be made in care of undersigned counsel at the listed address.

## SECOND CLAIM FOR RELIEF
**(Violation of the Colorado Minimum Wage Act, §8-6-101, *et seq*.)**

21. Plaintiff incorporates by reference all of the above paragraphs.

22. At all relevant times, each Defendant has been, and continues to be, an "employer" or "joint employer" within the meaning of the Colorado Minimum Wage Act.

23. At all relevant times, each Defendant has employed, and continues to employ, "employees", including Plaintiff, within the meaning of the Minimum Wage Act.

24. Plaintiff was an employee of Next Generation within the meaning of the Minimum Wage Act.

25. As a result of the foregoing conduct, as alleged, Next Generation has violated, and continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

26. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.)**

27. Plaintiff incorporates by reference all of the above paragraphs.

28. At all relevant times, each Defendant has been, and continues to be, an "employer" or "joint employer" within the meaning of the FLSA.

29. Next Generation is an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

30. At all relevant times, Next Generation has had gross annual volume of sales in excess of $500,000.

31. At all relevant times, each Defendant has employed, and continues to employ, non-exempt "field employees," including Plaintiff. Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216(b).

32. Plaintiff was an employee of each Defendant within the meaning of the FLSA.

33. While employed by Next Generation, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

34. As a result of the foregoing conduct, as alleged, Next Generation has violated, and continues to violate, the FLSA, 29 U.S.C. §201, *et seq.* These violations were committed knowingly, willfully and with reckless disregard of applicable law.

35. As a result, Plaintiff and Class Members has been damaged in an amount to be determined at trial.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in favor of himself and Class Members and against Next Generation as follows:

1. Determining that the action is properly maintained as a class action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2. Ordering prompt notice of this litigation to all potential Class Members;

3. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

4. Awarding Plaintiff and Class Members their compensatory damages, attorneys' fees and litigation expenses as provided by law;

5. Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

6. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law; and

7. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this 20th day of March, 2018.

*s/Brian D. Gonzales*
_____
Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

J. Forester
FORESTER HAYNIE PLLC
1701 N. Market Street, Suite 210
Dallas, Texas 75202
Telephone: (214) 288-8519
Facsimile: (214) 346-5909
jay@foresterhaynie.com

*Counsel for Plaintiff*

Plaintiff's Address
516 East 28th Street Drive
Greeley, Colorado 80631